IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jeffrey Whitfield, | ) | Civil Action No. 2:19-1999-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| College of Charleston, Glenn F. McConnell, Chad Holbrook, Rick Detwiler, Callison Tighe & Robinson, LLC, and Matthew Roberts, both in their official and individual capacities, | ) | |
| Defendants. | ) | |

Before the Court is a motion for judgment on the pleadings brought by the College of Charleston, Glenn McConnell and Matthew Roberts. (Dkt. No. 17.) For the reasons set forth below, the motion is granted.

I. **Background**

This matter arises out of Jeffrey Whitfield's August 2017 termination from his approximately two-year employment at the College of Charleston (the "College"). Whitfield claims that defendants conspired to terminate non-party Matthew Heath and replace him with defendant Holbrook as head baseball coach at the College, which in turn lead to Whitfield's termination as assistant baseball coach.[1] Whitfield also claims that the College, McConnell (the

---

[1] Richard Detwiler and his law firm, Callison Tighe & Robinson, LLC, were defendants to the civil conspiracy claim only before being dismissed from this action by stipulation after filing motions to dismiss and for sanctions, to which Whitfield filed no responses in opposition. (Dkt. No. 18.)

The complaint does not specify Holbrook's role in the allegations, but the Court is aware from a now-resolved related action, *Heath v. College of Charleston, et al.*, 2:17-cv-1792-RMG, that Holbrook is the head baseball coach at the College.

former president of the College), and Roberts (the director of athletics at the College) (collectively, "Moving Defendants") violated his civil rights pursuant to 42 U.S.C. § 1983 by depriving him of procedural due process and his liberty interest in the job. Whitfield made no arguments in opposition to the Moving Defendants' motion for judgment on the pleadings.

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions brought under Rule 12(c) "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 1 (D.S.C. Aug. 28, 2013) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1368 (3d ed. 2010)). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* at *2 (quoting *Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)).

Rule 12(c) motions limit the court's review to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1 (citing *Eagle Nation, Inc. v. Mkt. Force, Inc.*, 180 F. Supp. 2d 752, 754 (E.D.N.C. 2001)). Like a motion to dismiss under Rule 12(b)(6), motions pursuant to Rule 12(c) call for the pleadings to be construed in the light most favorable to the non-moving party. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Accordingly, "[t]he court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening

assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (quoting *John S. Clark Co., Inc. v. United Nat'l Ins. Co.*, 304 F. Supp. 2d 758, 763 (M.D.N.C. 2004)).

**III.     Discussion**

**A.     Count I for Civil Conspiracy among the College, McConnell and Roberts**

"Under South Carolina law, '[a] civil conspiracy . . . consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage.'" *State Farm Life Ins. Co. v. Murphy*, 260 F. Supp. 3d 497, 503 (D.S.C. 2017) (quoting *Lee v. Chesterfield Gen. Hosp., Inc.*, 344 S.E.2d 379, 382 (1986)). "A claim for civil conspiracy must allege additional facts in furtherance of a conspiracy rather than reallege other claims within the complaint." *Hackworth v. Greywood at Hammett, LLC*, 682 S.E.2d 871, 874 (S.C. 2009)). "Moreover, because the essence of a civil conspiracy claim is the special damage resulting to the plaintiff, the alleged damages must exceed the damages alleged for the plaintiff's other claims." *Murphy*, 260 F. Supp. 3d at 503; *see also Pye v. Fox*, 633 S.E.2d 505, 511 (S.C. 2006) ("Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action."). "If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed." *Hackworth*, 682 S.E.2d at 875.

As an initial matter, the College is immune from suit under the Eleventh Amendment in that it is designated as a state college or university by South Carolina law. S.C. Code. Ann. § 59-101-10; *see also Maryland Stadium Auth. V. Ellerbe Becket, Inc.*, 407 F.3d 255, 262-63 (4th Cir. 2005) ("Numerous courts have decided whether public state universities are 'arms of the state.'

3

Almost universally, the answer has been in the affirmative. . . . We, too, have previously treated several public universities as arms of the state." (collecting cases).

Even if the College were not immune from suit, "[a] civil conspiracy cannot be found to exist when the acts alleged are those of employees or directors, in their official capacity, conspiring with the corporation." *McMillan v. Oconee Mem. Hosp.*, 626 S.E.2d 884, 887 (S.C. 2006). The complaint alleges that McConnell and Roberts were employed by the College at the relevant time and acted "in their capacities at the College" when conspiring to terminate non-party Heath. (Dkt. No. 1 ¶ 40.) Therefore, as pled there could be no conspiracy between the College on the one hand and McConnell or Roberts on the other.

As to whether the complaint sufficiently alleges conspiracy between McConnell and Roberts, the pleadings state merely that McConnell and Roberts were sent emails "outlining just how and why" to terminate non-party Heath, and that Roberts at one point was quoted in a local newspaper as saying staff terminations can create ripple effects on "assistant coaches, spouses and kids." (*Id.* ¶¶ 40, 46.) Such "conclusory allegations" are insufficient to withstand judgment on the pleadings here. *Murphy*, 260 F. Supp. 3d 497 at 504 (granting motion to dismiss civil conspiracy claim). Regarding special damages in particular, the complaint alleges merely that Whitfield "has suffered special damages as a result of the actions of the conspirators." (Dkt. No. 1 ¶ 47.) Although Whitfield does not "merely reallege[] the same damages" in relation to the other claims, which seek compensatory and punitive damages, *Doe v. Erskine College*, No. 8:04-23001-RBH, 2006 WL 1473853, *17 (D.S.C. May 25, 2006), this one-sentence allegation is falls short of "specifically alleg[ing]" the damages that flowed from any conspiracy, *Hackworth*, 682 S.E.2d at 875 ("Special damages must, therefore, be specifically alleged in the complaint to avoid surprise to the other party.").

4

For these reasons, construing the complaint's allegations in a light most favorable to Whitfield, they fail to support a claim for civil conspiracy among the College, McConnell and Roberts. Moving Defendants' motion for judgment on the pleadings as to Count I is granted.

**B.    Count II for Deprivation of Procedural Due Process, in Violation of 42 U.S.C. § 1983, by McConnell and Roberts in their Individual and Official Capacities**

A public employee is "entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997). Whitfield claims that McConnell and Roberts, "in their individual and official capacities," violated Whitfield's procedural due process right. (Dkt. No. 1 ¶¶ 50.) The complaint further alleges that "[t]he Defendant College offered Plaintiff no grievance or opportunity to contest his sudden termination[.]" (Dkt. No. 1 ¶¶ 17.) This allegation is not as to McConnell or Roberts, and the complaint's other allegations regarding grievance opportunity are equally conclusory. (*Id.* ¶ 54; "Defendants never provided Plaintiff the opportunity to grieve his termination.") Because Moving Defendants denied these allegations in their answer to the complaint, there remains a material issue of fact as to whether Whitfield was offered or denied an opportunity to grieve his termination. (Dkt. No. 13 ¶¶ 17, 54.) Nevertheless, McConnell and Roberts could only have provided Whitfield an opportunity to grieve his termination in their official capacities at the College, and an individual acting in his official capacity is not subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). McConnell and Roberts are therefore entitled to judgment as a matter of law as to Count II.

5

## C. Count III for Deprivation of Liberty Interest, in Violation of 42 U.S.C. § 1983, by McConnell and Roberts in their Individual and Official Capacities

It is well settled that a public employee cannot invoke the procedural protections of the Due Process Clause unless the aggrieved employee can establish that he has been deprived of a liberty or property interest by that clause. *Bd. Of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). "A unilateral expectation on the part of the would-be recipient cannot create an entitlement." *Sabet v. Eastern Virginia Med. Auth.*, 775 F.2d 1266, 1269 (1985). "[A]n employee's abstract desire for or unilateral expectation of continued employment is insufficient to give rise to a constitutionally protected property interest." *Mills v. Leath*, 709 F. Supp. 671, 673 (D.S.C. 1988). Rather, a "property interest exists when one has a legitimate claim of entitlement . . . arising from such sources as state statutes, local ordinances, and employment contracts." *Bunting v. City of Columbia*, 639 F.2d 1090, 1093 (4th Cir. 1981).

Because McConnell and Roberts are immune from suit under Section 1983 in their official capacities, the Court considers the allegations in the context of these defendants' individual capacities. The complaint alleges in relevant part: "Plaintiff would have continued to flourish in his role as the Assistant Baseball Coach at the College of Charleston until the end of Coach Heath's tenure as Head Coach in the summer of 2021 based on [Heath's] contract"; "Defendant McConnell used these emails [from Defendant Detwiler to McConnell and Roberts in their capacities at the College outlining just how and why Defendants Roberts and McConnell should terminate Matt Heath] as part of his 'weight of the evidence' evaluation as to whether or not he should find 'cause' to terminate Matt Heath"; "Defendants failed to provide Plaintiff with constitutionally adequate pre- or post-termination hearing, notice, or an opportunity to be heard, thereby interfering with Plaintiff's property right of continued employment"; and "Defendants never provided Plaintiff the opportunity to grieve his termination" and have therefore "violated the Plaintiff's due process

6

rights insofar as the liberty interest the Plaintiff enjoys in his good name and professional reputation have been violated by the Defendants' unjust termination and failure to provide him the opportunity to grieve his termination." (Dkt. No. 1 ¶¶ 24, 41, 50, 54-55.)

These allegations are primarily relevant to the College or McConnell and Roberts in their official capacities. In any event, there is no dispute on the pleadings that McConnell and Roberts are entitled to judgment as a matter of law. First and most significantly, Whitfield's executed July 2015 employment contract with the College specifies: "you are an 'at-will' employee and may be terminated at any time, with or without cause, except as otherwise prohibited by law." (Dkt. No. 17-2 at 1.)[2] Under South Carolina law, an at-will public employee has no property interest in his employment cognizable under the due process clause. *Hessenthaler v. Tri-Cnty Sister Help, Inc.*, 616 S.E.2d 694, 697 (S.C. 1992) ("In general, an at-will employee may be terminated at any time for any reason or for no reason, with or without cause."). Moreover, the complaint does not allege the source of Whitfield's alleged liberty interest in his job. *See, e.g., McMillan v. Pee Dee Reg. Airport Comm'n*, 705 F. Supp. 2d 496, 501 (D.S.C. 2010) (alleging provision regarding disciplinary measures in employee handbook created a property interest in continued employment). Last, although "[p]ublication of stigmatizing charges" coupled with termination may implicate the deprivation of a liberty interest in a job, the complaint makes only a conclusory allegation that Whitfield's "good name and processional reputation have been violated by the

---

[2] A document attached to a motion for judgment on the pleadings may be considered by the district court without converting the motion into one for summary judgment if the document is both central to the plaintiff's claim and undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *see also Alexander v. City of Greensboro*, 801 F. Supp. 2d 429, 435 n.4 (M.D.N.C. 2011) (collecting district court cases within the Fourth Circuit relying on *Horsley*). Whitfield's signed contract that he agrees to be hired by the College as its "'at-will' employee" is central to his deprivation of liberty interest claim, and he does not contest its authenticity.

Defendants' unjust termination[.]" *Johnson*, 903 F.2d at 1000. (Dkt. No. 1 ¶ 55.) Judgment on the pleadings as to Count III for McConnell and Roberts is therefore appropriate.

D.  **Count IV for Declaratory and Injunctive Relief**

Whitfield seeks a declaratory judgment that "Defendants have violated Plaintiff's due process rights in the termination of his employment" and requests a "preliminary injunction requiring that Plaintiff be provided with a constitutionally sufficient post-termination hearing, to include a hearing before an impartial decision maker not associated with Defendants, the right to be represented by counsel, to call witnesses, present evidence, and to cross-examine witnesses." (Dkt. No. 1 ¶ 58.) Whitfield is not entitled to the declaratory judgment sought for the same reasons Moving Defendants are entitled to judgment on the pleadings as to Count III. Nor do the pleadings support imposing an injunction, in part because they do not address ongoing harm necessitating equitable intervention. Moving Defendants' motion for judgment on the pleadings as to Count IV is granted.

IV. **Conclusion**

For the foregoing reasons, the motion for judgment on the pleadings by the College of Charleston, McConnell and Roberts (Dkt. 17) is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

October 23, 2019
Charleston, South Carolina