# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Jeffrey Whitfield, | ) | Civil Action No. 2:19-1999-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| College of Charleston, Glenn F. McConnell, Chad Holbrook, Rick Detwiler, Callison Tighe & Robinson, LLC, and Matthew Roberts, both in their official and individual capacities, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter arises out of Jeffrey Whitfield's August 2017 termination from his approximately two-year employment at the College of Charleston (the "College"). Whitfield claimed that defendants conspired to terminate non-party Matthew Heath as head baseball coach at the College and replace him with defendant Holbrook, which in turn lead to Whitfield's termination as assistant baseball coach. Whitfield also claimed that the College, McConnell (the former president of the College), Roberts (the director of athletics at the College), and Holbrook violated his civil rights pursuant to 42 U.S.C. § 1983 by depriving him of procedural due process and his liberty interest in the job.

Defendants Richard Detwiler and his law firm, Callison Tighe & Robinson, LLC, were named as to the civil conspiracy claim only. They were dismissed from this action by stipulation after filing motions to dismiss and for sanctions, to which Whitfield filed no responses in opposition. (Dkt. No. 18.) The Court then granted a motion for judgment on the pleadings brought by the College, McConnell and Roberts, to which Whitfield filed no response in opposition. (Dkt. No. 21.) Holbrook is now the sole remaining defendant.

"If a defendant is not served within (90) days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant . . . . But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period." Fed. R. Civ. P. 4(m).

Whitfield filed his complaint on July 17, 2019. As of October 23, 2019—ninety-eight days later—there was no indication that Whitfield had served Holbrook. The Court issued a text order providing Plaintiff notice of the risk of dismissal under Rule 4(m) and ordering Plaintiff to show good cause for the failure to serve Holbrook on or before October 28, 2019. Plaintiff did not respond to the Court's order by the deadline. Because Plaintiff neither served Holbrook nor demonstrated good cause to extend the ninety-day deadline after notice, the Court must dismiss the action against Holbrook.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** all claims against Defendant Holbrook pursuant to Rule 4(m).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 31, 2019
Charleston, South Carolina